Tomas Lundes PEREZ, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 14-72659

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

Alejandro Garcia, Attorney, Law Offices of Alejandro Garcia, Commerce, CA, for Petitioner

Laura Halliday Hickein, Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Tomas Lundes Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying withholding of removal and deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination and review for substantial evidence the denial of relief under CAT. *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We deny the petition for review.

The agency did not abuse its discretion in determining that Lundes Perez's conviction is a particularly serious crime that renders him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii) (alien convicted of a particularly serious crime is ineligible for withholding of removal); *Konou*, 750 F.3d at 1126-27 (listing factors to consider in determining whether a crime is particularly serious). Contrary to Lundes Perez's contentions, the record does not show that the BIA failed to address whether the circumstances of his crime indicated he would be a danger to the community, engaged in impermissible fact finding, or erroneously indicated Lundes Perez did not challenge the IJ's adverse credibility determination.

Substantial evidence supports the agency's denial of relief under the CAT, where Lundes Perez failed to demonstrate it is more likely than not that he would be tortured upon returning to Mexico. *See* 8 C.F.R. § 1208.16(c)(2); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime that is not particular to the alien is not sufficient to meet the standard for CAT protection).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.