**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOMAS LUNDES PEREZ, | No. 18-72313 |
| Petitioner, | |
| v. | Agency No. A077-056-012 |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2021**
Pasadena, California

Before:  WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Petitioner Tomas Lundes Perez petitions for review of the decision of the

Board of Immigration Appeals (BIA), which denied his motion to reopen.[1]  Lundes

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Lundes Perez's original applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) were denied by the Immigration Judge (IJ).  Those denials were affirmed by the BIA, and by this court

Perez contends that the BIA erred by failing to explain why "medical evidence demonstrating numerous types of mental incapacity fell short of qualifying as an indicium of incompetence." He also argues that the BIA erred by failing to explain why the agency did "not exercise its *sua sponte* authority to reopen" his case. Lastly, he argues that the BIA erred in deeming his motion untimely. We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's decision for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). We deny the petition.

Lundes Perez is a 73-year-old native and citizen of Mexico. He immigrated to the United States in January 1975. He is presently wheelchair bound and is unable to care for himself. Lundes Perez has applied for adjustment of status twice, through two of his U.S. citizen children, but both applications have been denied.

During Lundes Perez's removal proceedings in 2013, he testified that he was afraid to return to Mexico because he thought the cartels would perceive him as having money given that he would be returning from the United States. The IJ issued an oral decision denying Lundes Perez's application. As noted, the BIA affirmed, and we denied the petition for review in 2017.

---

on November 20, 2017, *see Lundes Perez v. Sessions*, 703 F. App'x 545 (9th Cir. 2017). This disposition includes only facts relevant to Lundes Perez's motion to reopen.

Lundes Perez filed a motion to reopen his case in 2018, which the BIA denied. In his motion to reopen, Lundes Perez argued that the IJ should have held a competency hearing before proceeding to the merits, consistent with the holding of *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479–80 (BIA 2011). Lundes Perez submitted a letter from Dr. Flores, a psychologist, which indicated that Lundes Perez had been treated for depression, anxiety, and senile dementia between October 2011 and October 2013. Lundes Perez also submitted a March 2018 psychological evaluation, which noted that Lundes Perez suffered a moderate to severe cognitive decline as a result of his Parkinson's disease (which had been diagnosed in 2015).

The BIA reviewed the new evidence and the earlier record evidence and testimony and concluded that there were no "indicia of incompetency" at the time of the hearing such that the IJ would have had a reason to inquire into Lundes Perez's competency. Accordingly, the BIA denied Lundes Perez's motion to reopen.[2]

In *Matter of M-A-M-*, the BIA observed that an "alien is presumed to be

---

[2] Even though the BIA noted that Lundes Perez's motion to reopen was untimely, the BIA did not "address this issue," and instead denied Lundes Perez's motion on the merits. "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). Accordingly, we review only the BIA's merits decision and do not address Lundes Perez's assertion that the BIA erred in concluding that his motion was untimely.

competent to participate in removal proceedings." 25 I. & N. Dec. at 477.

"Absent indicia of mental incompetency, an [IJ] is under no obligation to analyze

an alien's competency." *Id.* (citing *Munoz-Monsalve v. Mukasey*, 551 F.3d 1, 6

(1st Cir. 2008), which held that an alien's due process rights were not violated by

the IJ's failure to *sua sponte* order a competency evaluation where the record did

not contain evidence of a lack of competency and the alien's attorney did not

request an evaluation). The BIA in *Matter of M-A-M-* explained that "[i]ndicia of

incompetency include a wide variety of observations and evidence," including, for

example, "certain behaviors by the respondent, such as the inability to understand

and respond to questions, the inability to stay on topic, or a high level of

distraction," as well as "evidence of mental illness or incompetency." *Id.* at 479.

We look to whether the BIA abused its discretion in holding that, at the time

of Lundes Perez's original hearing before the IJ in 2013, he exhibited no indicia of

incompetency that would have required the IJ to *sua sponte* order a competency

evaluation. We hold that the BIA did not abuse its discretion.[3]

The record demonstrates that nothing in Lundes Perez's testimony indicated

signs of incompetency. Lundes Perez contends that he exhibited a lack of

understanding as to why he was in immigration court, but the hearing testimony

---

[3] The BIA also denied Lundes Perez's motion to reopen his CAT claim in light of the alleged evidence of past harm experienced in Mexico. Lundes Perez does not appeal that decision.

does not support that assertion. Separately, he contends that his failure to mention that he was harmed in Mexico prior to coming to the USA is itself a sign of incompetence. This argument is also without merit because, even if it were true that he forgot to mention an incident of being harmed in Mexico at his hearing, "poor memory without some credible evidence of an inability to comprehend or meaningfully participate in the proceedings does not constitute indicia of incompetency." *Salgado v. Sessions*, 889 F.3d 982, 989 (9th Cir. 2018).

In addition, Lundes Perez's attorney did not seek a competency evaluation, and Lundes Perez's adult daughter, who testified on his behalf, did not raise any concerns about his mental capacity. Lundes Perez's contention that Dr. Flores's 2018 evaluation should automatically carry the day is unavailing. The BIA correctly pointed out that Dr. Flores's "ex post facto evaluation of [Lundes Perez's] possible mental state at a hearing held 5 years earlier is not sufficient to override the first-person observations of the Immigration Judge and the attorney who represented [Lundes Perez] for many years." It was not error for the BIA to rely on how Lundes Perez presented himself at the hearing and how he responded to questions, *see Matter of M-A-M-*, 25 I. & N. Dec. at 479, and give those considerations more weight under the circumstances. And, as the BIA in *Matter of M-A-M-* noted, "a diagnosis of mental illness does not automatically equate to a lack of competency." *Id.* at 480.

The petition for review is **DENIED.**[4]

---

[4] Lundes Perez's motions to "hold petition in abeyance and to suspend briefing schedule," [Dkt. No. 41], and to remand the case, [Dkt. No. 40], are denied.